JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Antonio Gonzalez

### DEFENDANTS
Council Rock School District

**(b)** County of Residence of First Listed Plaintiff: Atlantic County, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Frederic I. Weinberg, Esquire
The Law Offices of Frederic I. Weinberg & Associates, P.C.
375 E. Elm Street, Suite 210
Conshohocken, PA 19428
(484) 351-0500

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| | / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| | | ☐ 791 Employee Retirement Income Security Act | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities Other / **Other:** ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | / ☐ 550 Civil Rights | | | |
| | ☐ 448 Education / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332

Brief description of cause:
Plaintiff slipped and fell on Defendant's premises and suffered serious injuries due to Defendant's negligence

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ In excess of $150,000 CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE 2/16/16

SIGNATURE OF ATTORNEY OF RECORD *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Antonio Gonzalez, 210 Chicago Ave, Egg Harbor City, NJ 08215

Address of Defendant: Council Rock School District, 30 N. Chancellor Street, Newtown, PA 18940

Place of Accident, Incident or Transaction: Holland Middle School, 400 East Holland Road, Holland, PA 18966
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☒

Does this case involve multidistrict litigation possibilities? Yes☐ No☒

*RELATED CASE, IF ANY*:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☒ Other Personal Injury (Please specify) _____
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Frederic I. Weinberg, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 2/16/16 _____ 41360
Attorney-at-Law      Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2/16/16 _____ 41360
Attorney-at-Law      Attorney I.D.#

CIV. 609 (5/2012)



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

ANTONIO GONZALEZ : CIVIL ACTION
v. : 16 0736
COUNCIL ROCK SCHOOL DISTRICT : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (✓)

2/16/16        JOHN P. UETZ, ESQ for FREDERIC I. WEINBERG, ESQ        PLAINTIFF
Date           Attorney-at-law                                          Attorney for

(484)351-0500        (484)351-0501        fred.weinberg@fredweinbergand
Telephone            FAX Number            associates.com
                                           E-Mail Address

(Civ. 660) 10/02

FEB 16 2016


## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANTONIO GONZALEZ**<br>210 Chicago Avenue<br>Egg Harbor City, NJ 08215<br><br>vs.<br><br>**COUNCIL ROCK SCHOOL DISTRICT**<br>30 N. Chancellor Street<br>Newtown, PA 18940 | :<br>:<br>:<br>:  CIVIL ACTION NO.:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

1. Plaintiff, Antonio Gonzalez, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at the address above captioned.

2. Defendant, Council Rock School District (hereinafter referred to as "Council Rock"), is a governmental entity duly organized and existing under the laws of the Commonwealth of Pennsylvania with its principal location at the address above-captioned.

3. This action is a civil action wherein jurisdiction is founded upon diversity of citizenship, the amount in controversy being in excess of Seventy-Five Thousand ($75,000.00) Dollars exclusive of interest and costs as specified in 28 U.S.C.A. §1332(a).

4. At all times material hereto, the acts and/or omissions of Defendant, Council Rock, were accomplished through its agents, servants, workers, representatives and/or employees who were acting and/or failing to act within the scope and course of their agency and/or employment.

5. At all times material hereto, Defendant, Council Rock, possessed, controlled, managed and/or maintained the premises located at the 400 E. Holland Road, Holland,

Pennsylvania, 18966, in the County of Bucks, and the Commonwealth of Pennsylvania, commonly known as Holland Middle School and the parking area by the loading dock adjacent thereto.

6. At all times material hereto, Defendant had a duty to business invitees entering and walking on the parking area by the loading dock of the aforesaid premises to keep the area in a safe condition and to inspect the area and warn business invitees thereon of any defective and hazardous conditions at said location.

7. On or about the 21st day of February, 2014, there existed a defective and hazardous condition upon the aforesaid premises, located at the parking area by the loading dock on said premises, namely, the dangerous accumulation of snow and ice in ridges and elevations of such size and character as to unreasonably obstruct travel and constitute an danger to pedestrians and business invitees traveling thereon.

8. Notwithstanding its duty, the defendant did, on the aforesaid date, and for an unreasonable length of time prior thereto, carelessly and negligently allow and permit the defective and hazardous conditions to remain on the parking area by the loading dock on said premises.

9. The defendant, having actual or constructive notice of the defective and hazardous conditions, knew or should have known of the existence of the defective and hazardous conditions, but permitted the aforesaid condition to exist for an unreasonable length of time.

10. On or about the 21st day of February, 2014, Plaintiff was a business invitee on the aforesaid premises when solely as a result of the negligence and carelessness of Defendant,

Plaintiff did slip, trip, tumble and fall by coming into contact with the aforesaid defective and hazardous condition, causing Plaintiff to sustain the injuries hereinafter more fully set forth.

11. Immediately following the incident, the plaintiff reported the incident to an employee of defendant, who was a member of the maintenance staff at Holland Middle School.

12. Plaintiff avers that the defective and hazardous conditions on the parking area by the loading dock on said premises constituted a dangerous and perilous condition, a public nuisance and a menace to persons, business invitees, guests and/or other persons traveling on the parking area by the loading dock area.

13. The negligence and carelessness of defendant consisted of the following:

    (a) Allowing an accumulation of snow and ice to exist and remain on the parking area by the loading dock of the aforesaid premises;

    (b) Failing to place any barricades or other warnings of the existence of the aforesaid defective and hazardous conditions;

    (c) Failing to properly inspect the aforesaid premises;

    (d) Failing to properly maintain the aforesaid premises;

    (e) Failing to take proper measures in defendant's attempt to clear and remove snow and ice of the aforesaid premises when defendant in fact made the icy conditions worse;

    (f) Failing to correct a dangerous condition of the aforesaid premises of which the Defendant knew and/or should have known;

    (g) Failing to give Plaintiff the proper and adequate protection to which he was entitled;

    (h) Other acts of negligence to be ascertained in the course of discovery;

      (i)    being otherwise negligent and careless.

14. Solely as a result of the aforesaid negligence and carelessness of the defendant as aforesaid, Plaintiff, Antonio Gonzalez, has sustained injuries in and about his body and extremities, which injuries are or may be serious, severe and permanent and/or may have aggravated a previously existing condition. The plaintiff, Antonio Gonzalez, sustained a torn extensor tendon of his right elbow requiring surgical repair, lateral epicondylitis of the right elbow, significant burning, discomfort, loss of range of motion, loss of control of the movement of his right arm, as well as external and internal injuries of a known and unknown nature; he has suffered aches, pains, mental anxiety and anguish and a severe shock to his entire nervous system, by reason of which he was rendered sick, sore, lame, prostrate and disordered and was made to undergo great physical pain and mental anguish, as a result of which he has suffered, yet suffers and will continue to suffer for an indefinite period of time in the future.

15. As a further result of defendant's negligence as aforesaid, plaintiff has been obliged to expend and/or incur large sums of money for medicines and medical attention in and about endeavoring to treat and cure said injuries, and may be compelled to expend and/or incur additional sums for the same purposes for an indefinite time in the future.

16. As a further result of this accident, plaintiff has suffered an injury which may be permanent, irreparable and severe.

17. As a further result of defendant's negligence, plaintiff was prevented from attending to his usual and daily occupation and daily duties, thereby suffering a loss of earnings and/or impairment of his earning capacity which plaintiff may continue to suffer for an indefinite time in the future.

18. As a further result of this accident, plaintiff has or may suffer a severe loss because of expenses which have been or may be reasonably incurred in obtaining ordinary and necessary services in lieu of those which the plaintiff would have performed, not for income, but for the benefit of himself, if he had not been so grievously injured.

19. As a further result of the defendant's negligence, plaintiff has suffered a physical and/or mental impairment which prevents him from performing all or substantially all of the material acts and duties of his customary and usual daily activities, all to his great financial detriment.

20. Plaintiff has been compelled, in order to effect a cure for the aforesaid injuries, to expend large and various sums of money for medicine and medical attention and he will be required to expend large sums of money for the same purposes in the future.

21. As a further result of the aforesaid incident, Plaintiff has suffered a permanent loss of bodily function, permanent disfigurement or permanent dismemberment, incurring medical expenses well in excess of the threshold required by the Political Subdivision Tort Claims Act, 42 Pa. C.S.A. §8553, *et.seq.*

22. Further, the aforesaid acts or failure to act on the part of Defendant is conduct which imposes liability upon it by virtue of an exception to governmental immunity as defined in Matters Affecting Government Units, 42 Pa. C.S.A. §8542 and §8522, *et.seq.*

23. Plaintiff, Antonio Gonzalez, hereby demands a trial by jury.

WHEREFORE, Plaintiff, Antonio Gonzalez, claims damages from the Defendant in an amount in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars.

BY: _____
FREDERIC I. WEINBERG, ESQUIRE
THE LAW OFFICES OF FREDERIC I. WEINBERG
& ASSOCIATES, P.C.
375 E. Elm Street, Suite 210
Conshohocken, PA 19428
(484) 351-0500
Attorney for Plaintiff, Antonio Gonzalez